IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CYRIL B. KORTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-791-MJR-DGW |
| | ) | |
| HUNTER'S MANUFACTURING COMPANY, | ) | |
| INC. and CABELA'S RETAIL MO, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

On April 5, 2013, Plaintiff filed a Motion for Sanctions (Doc. 33) detailing various discovery abuses by Defendant, Cabela's Retail MO, LLC.  Defendant Cabela's filed a response on April 15, 2013 (Doc. 36).  In light of the accusations made in the Motion for Sanctions, this Court held a hearing on April 25, 2013 (Doc. 39) in which attorneys Rankin and Johnson appeared on behalf of Plaintiff, attorney Bedesky appeared on behalf of Defendant Hunter's Manufacturing Company, and attorneys Anderson and Brotman appeared on behalf of Cabela's.

Pursuant to the hearing, the following is hereby **ORDERED**:

1. Plaintiff's Motion for Sanctions (Doc. 33) is hereby **STRICKEN** for failing to comply with this Court's standing orders.  Any future discovery disputes should be promptly brought to the Court's attention for a telephonic discovery dispute conference.

2. Defendant Cabela's shall identify and provide a representative who can answer the following inquiry:

    Process and procedure used by Cabela's to search for and identify documents and information responsive to Plaintiff's discovery requests.

The parties shall confer to set a schedule for the deposition of that representative within

seven (7) days of the date of this Order. The Court encourages, but does not require, that the deposition be conducted as cost efficiently as possible (i.e. by video-conference). Defendant shall bear the cost of this additional deposition. If the parties cannot agree, as to when the deposition shall occur or come to an agreement as to costs, they shall contact chambers forthwith.

3. Defendant Cabela's shall supplement their disclosures with information related to the claim/complaint made by Bob Long on February 22, 2013.

In addition to the foregoing, it appears necessary to remind the parties and their attorneys of their ethical obligations and the Court's inherent power to issue sanctions for discovery abuses. Attorneys, who are practicing before this court as of privilege and not right, are bound by the Rules of Professional Conduct that have been adopted by the Supreme Court of Illinois in addition to the Federal Rules of Civil Procedure. *See* Local Rule 83.2. In general:

> A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others. A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials. While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process. ILLINOIS RULES OF PROFESSIONAL CONDUCT OF 2010, *Preamble* ¶ 5.

In particular, it is professional misconduct for an attorney to "engage in conduct that is prejudicial to the administration of justice." *Id*. at Rule 8.4(d). Such acts can include obstructing access to evidence, failing to reasonably respond to discovery requests, or other dilatory acts that run counter to "reasonable efforts to expedite litigation." *Id.* at Rules 3.2, 3.4. In this particular case, this Court finds counsel's conduct to border on unprofessionalism in the length, tenor, and indignation that was displayed in the filings in this Court. Relatively minor discovery disputes should not generate numerous pages of briefs, especially when this Court has a readily available

mechanism to expeditiously resolve discovery disputes. The Court also does not look kindly upon parties flouting discovery deadlines or otherwise failing to disclose relevant information. Discovery in federal court is not an exercise in surprise or hide-the-ball: it is designed to occur in an orderly and cost-effective fashion where the parties should affirmatively come forth with relevant evidence or at least respond appropriately to reasonable discovery requests.

The parties should be aware that any future conduct that is deemed to be unprofessional or that would violate the Federal Rules of Civil Procedure will be sanctioned pursuant to either Rule 11 and/or 37. The Court believes and expects, however, that this litigation can proceed without resort to such measures.

**DATED: May 1, 2013**

                                                                   **DONALD G. WILKERSON**
                                                                   **United States Magistrate Judge**