IN THE UNITED STATES COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CYRIL B. KORTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 12-cv-791-MJR-DGW |
| ) | |
| HUNTER'S MANUFACTURING ) | |
| COMPANY, INC. d/b/a TENPOINT ) | |
| CROSSBOW TECHNOLOGIES and ) | |
| CABELA'S RETAIL MO, LLC., ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

The Court, upon good cause shown, **ORDERS** as follows:

1.   Discovery involving the design, engineering, manufacturing, trade secrets, and financial information of Hunter's Manufacturing Company, Inc. d/b/a TenPoint Crossbow Technologies' have been requested and produced in this matter. Hunter's Manufacturing Company, Inc. d/b/a TenPoint Crossbow Technologies has a compelling interest in keeping its design, engineering, manufacturing, trade secrets, and financial information confidential, as those practices involve trade, financial, and proprietary information. The free dissemination of such trade, financial and proprietary information would be detrimental to the business interests of Hunter's Manufacturing Company, Inc. d/b/a TenPoint Crossbow Technologies.  Further, Hunter's Manufacturing Company, Inc. d/b/a TenPoint Crossbow Technologies has a fundamental right of privacy to the public dissemination of its financial and proprietary information.  This Order is drafted in the least restrictive manner possible, as it merely orders the parties to keep Hunter's Manufacturing Company, Inc. d/b/a TenPoint Crossbow Technologies' trade, financial, and proprietary information confidential, and all court filings and portions of court filings

       not containing or referring to Hunter's Manufacturing Company, Inc. d/b/a TenPoint Crossbow Technologies' trade, financial and proprietary information will be available for public access.

2.   For purposes of this Order, "material pertaining to this Order" "material subject to this Order" and "said material" includes any document, material, information, photograph, blueprint, sketch, draft, rendering, email or other item that relates to the design, engineering, manufacturing, trade secrets, and/or financial information of Hunter's Manufacturing Company, Inc. d/b/a TenPoint Crossbow Technologies and contains confidential, financial, or proprietary information.  A "trade secret" is a formula, practice, process, design, instrument, pattern, or compilation of information which is not generally known or reasonably ascertainable or is the subject of reasonable efforts to maintain its secrecy, by which a business can obtain an economic advantage over competitors or customers.  If a document contains both design, engineering, manufacturing, trade secret, financial information, and other non-proprietary information, it shall be redacted only as to the confidential, financial, or proprietary information.

3.   Any document which the producing party intends to designate as confidential shall be stamped (or otherwise have the legend recorded upon it in a way that brings the legend to the attention of a reasonable examiner) with a notation substantially similar to the following:

        **Confidential – Subject to Protective Order**

Unless already produced prior to the date of this Order, such stamping or marking will take place prior to production by the producing person, or subsequent to selection by the receiving party for copying.  The stamp shall be affixed in such a manner as not to

       obliterate or obscure any written material. As to any documents already produced prior to the date of this Order, the producing party shall designate by Bates number those documents it believes are confidential within seven (7) days of the date of this Order.

4. If at any time a party (or aggrieved entity permitted by the Court to intervene for such purpose) wishes for any reason to dispute a designation of discovery materials as "Confidential" made hereunder, such person shall notify the designating party of such dispute in writing, specifying by exact Bates number(s) the Confidential discovery materials in dispute. The designating party shall respond in writing within ten (10) business days of receiving this notification. Notification of any such dispute does not in any way suspend the operation of this order.

5. If the parties are unable to amicably resolve the dispute, the proponent of confidentiality may contact the Court to set up a telephonic dispute conference for a ruling that discovery materials stamped as "Confidential" are entitled to such status and protection under this Order, provided that such contact is made within thirty (30) days from the date the challenger of the Confidential designation challenges the designation. The designating party shall have the burden of proof to establish the propriety of its Confidential designation. Written motions shall not be filed unless ordered by the Court.

6. If the time for requesting a conference, as provided herein, has expired without the requesting of any such conference, or ten (10) business days have elapsed after the appeal period for an order of this Court that the discovery materials shall not be entitled to confidential status, the Confidential discovery materials shall lose their designation.

7. The Court orders all parties and attorneys to the above referenced matter, United States District Court for the Southern District of Illinois Case No. 12-791-MJR-DGW, and their

experts and agents, to refrain from disclosing any and all material pertaining to this Order to anyone outside the course of this litigation.

8. The Court orders that the parties, their attorneys, their experts, and anyone who is granted access to the material pertaining to this Order refrain from using the contents of said material for any purpose other than litigation in this case (United States District Court for the Southern District of Illinois Case No. 12-791-MJR-DGW), including preparation for trial.

9. The parties and law firms appearing as their counsel of record may make use of the material pertaining to this order described in paragraph 2 that is produced by persons subject to this Order pursuant to the discovery and pre-trial process, as the preparation of this case and trial may reasonably require, but in so doing shall disclose said material only to persons (including, but not limited to parties, their employees, counsel of record and their employees, insurers and their employees, witnesses, expert witnesses, consulting experts, and prospective witnesses) directly involved in the litigation process who must have and who shall use the information from such materials and information solely for the purpose of preparing this case for trial.

10. If the material pertaining to this Order is disclosed to persons other than Counsel of Record, it must be done so pursuant to the terms of this Order. In the event that the undersigned counsel release the material pertaining to this record to persons directly involved in the litigation process (including, but not limited to parties, their employees, counsel of record and their employees, insurers and their employees, witnesses, expert witnesses, consulting experts, and prospective witnesses), those persons are hereby

ordered to comply with the provisions of this Order. Further, it shall be the disclosing Counsel's duty to inform said persons of this Order.

11. This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the conclusion of this case or by the filing of a notice of appeal, or other pleading, which would have the effect of divesting this Court of jurisdiction of this matter generally. The Court nonetheless reserves the ability to determine its own jurisdiction as to any issue that may arise after this matter has been terminated in this Court.

12. No person who examines any material pertaining to this Order shall disseminate orally, or by any other means, said information other than as permitted by this Order.

13. Once participation in this action by an expert or other person obtaining material pertaining to this Order has terminated or otherwise concluded, all material to this Order in his or her possession shall be returned within thirty (30) days to counsel with whom he was associated or affiliated or from who such person otherwise obtained said material.

14. Parties (and deponents) may, within thirty (30) days after receiving the final transcript of a deposition, designate pages of the transcript, or the entire transcript, (and exhibits thereto) as Confidential. Until expiration of such thirty (30) day period, the entire transcript, including exhibits, will be treated as subject to protection under this Order. If no party or deponent timely designates a transcript as confidential, then none of the transcript or its exhibits will be treated as confidential. In the event that the material pertaining to this Order is offered as an attachment to a pleading, motion or other

document filed with the Court, then such document shall be filed under seal and shall not become part of the public record. If any material pertaining to this Order is to be offered into evidence, the party offering such evidence shall have the responsibility of notifying the Court that the document was produced subject to a claim of confidentiality in advance of any evidentiary offer or publication. The Court shall then consider what steps, if any, should be taken to protect the confidential information.

15. The parties may, by written stipulation signed by the producing parties, provide for exceptions to this Order, including the waiver of requirements contained in this Order.

16. All documents and materials, and copies of documents and materials subject to this Order shall be returned and surrendered to the producing party or person upon the conclusion of this case or shall be destroyed. Conclusion shall be taken and construed as the date 60 (sixty) days following the entry of a final, non-appealable order disposing of the case. Upon such conclusion, the undersigned counsel of record for Hunter's Manufacturing Company, Inc. d/b/a TenPoint Crossbow Technologies may request written confirmation that all counsel of record complied with this order. Counsel shall make a reasonable effort to retrieve any document, item, or information subject to this Order from any party or non-party witness to whom such information has been given, and shall notify the undersigned counsel for Hunter's Manufacturing Company, Inc. d/b/a TenPoint Crossbow Technologies of any failure to retrieve such information. Such notification shall include descriptive detail of any document or item not returned. Any such materials that are not returned or destroyed shall remain subject to this Order, and the Court shall retain jurisdiction to ensure that the terms hereof are not violated.

17. All counsel, at all times, shall keep secure all notes, abstractions or other work product derived from or containing material pertaining to this Order, shall be obligated to maintain the confidentiality of such work product, and shall not disclose or reveal the contents of said notes, abstractions, or other work product after the documents and information are returned and surrendered as provided in Paragraph 12 above.

**IT IS SO ORDERED.**

**DATED: May 9, 2013**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**